Filed 11/20/15  P. v. Tucker CA4/2

## NOT TO BE PUBLISHED IN OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FOURTH APPELLATE DISTRICT

## DIVISION TWO

| | |
|---|---|
| THE PEOPLE, | |
| Plaintiff and Respondent, | E063751 |
| v. | (Super.Ct.Nos. FVI1404389 & FMB1400627) |
| JULIA ELIZABETH TUCKER, | |
| Defendant and Appellant. | OPINION |

APPEAL from the Superior Court of San Bernardino County.  Bert L. Swift, Judge.  (Retired judge of the San Bernardino Super. Ct. assigned by the Chief Justice pursuant to art. VI, § 6 of the Cal. Const.)  Affirmed as modified.

Michelle C. Zehner, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance for Plaintiff and Respondent.

Defendant and appellant Julia Elizabeth Tucker was charged by felony complaint in case No. FVI1404389 with grand theft of personal property (Pen. Code,[1] § 487, subd. (a), count 1) and forgery exceeding $950 in value (Pen. Code, §§ 475, subd. (b)/473, subd. (a), count 2). The information also alleged that defendant had served four prior prison terms. (Pen. Code, § 667.5, subd. (b).) She was subsequently charged by amended felony complaint in case No. FMB1400627 with identity theft (Pen. Code, § 530.5, subd. (a), counts 1 & 6), grand theft of personal property (Pen. Code, § 487, subd. (a), count 2), second degree commercial burglary (Pen. Code, § 459, counts 3 & 8), theft of identifying information (Pen. Code, § 530.5, subd. (c)(1), counts 4 & 5), forgery (Pen. Code, §§ 470, subd. (a)/473, subd. (a), count 7), unlawful taking of a vehicle (Veh. Code, § 10851, subd. (a), count 9), procuring and offering a forged instrument (Pen. Code, § 115, subd. (a), count 10), falsely representing herself to a peace officer (Pen. Code, § 148.9, subd. (a), count 11), and possession of a controlled substance (Health & Saf. Code, § 11377, count 12). The complaint further alleged that defendant committed counts 1 through 3 while she was released from custody on bail in case No. FVI1404389 (Pen. Code, § 12022.1), and that she had served three prior prison terms (Pen. Code, § 667.5, subd. (b)).

In case No. FMB1400627, defendant entered a plea agreement and pled guilty to one count of identity theft. (§ 530.5, subd. (a), count 1.) The parties stipulated that the police report provided a factual basis for the plea. Defendant was sentenced

---

[1] All further statutory references will be to the Penal Code, unless otherwise noted.

immediately. In accordance with the plea agreement, the court sentenced her to three years in county jail and awarded 128 days of presentence custody credits. The court ordered her to pay certain fines and fees and then dismissed the remaining counts.

Immediately thereafter, defendant entered a plea agreement in case No. FVI1404389 and pled guilty to grand theft over $950. (§ 487, subd. (a), count 1.) The parties stipulated that the police report provided a factual basis for the plea. Defendant was then sentenced in accordance with the plea agreement to three years in county jail, to run concurrent to the sentence in case No. FMB1400627, and she was awarded 128 days of presentence custody credits. The court also ordered defendant to pay certain fines and fees, and it dismissed the remaining count.

Defendant filed a timely notice of appeal, based on the sentence or other matters occurring after the plea. We affirm.

PROCEDURAL BACKGROUND

In case No. FVI1404389, defendant was charged with and admitted that, on or about November 12, 2014 through November 15, 2014, she committed grand theft of personal property. (§ 487, subd. (a).) In case No. FMB1400627, defendant was charged with and admitted that, on or about December 20, 2014, she committed identity theft. (§ 530.5, subd. (a).)

DISCUSSION

Defendant appealed and, upon her request, this court appointed counsel to represent her. Counsel has filed a brief under the authority of *People v. Wende* (1979) 25 Cal.3d 436 and *Anders v. California* (1967) 386 U.S. 738, setting forth a statement of the

3

case and two potential arguable issues: (1) whether the court correctly calculated defendant's sentence and fines; and (2) whether defendant was entitled to the lower fines stated by the court at the time of sentencing. Counsel has also requested this court to undertake a review of the entire record.

We offered defendant an opportunity to file a personal supplemental brief, which she has not done.

Pursuant to the mandate of *People v. Kelly* (2006) 40 Cal.4th 106, we have conducted an independent review of the record and find no arguable issues.

However, we note an apparent clerical error. Generally, a clerical error is one inadvertently made. (*People v. Schultz* (1965) 238 Cal.App.2d 804, 808.) Clerical error can be made by a clerk, by counsel, or by the court itself. (*Ibid.* [judge misspoke].) A court "has the inherent power to correct clerical errors in its records so as to make these records reflect the true facts." (*In re Candelario* (1970) 3 Cal.3d 702, 705.)

With regard to case No. FMB1400627, the record states that, when ordering defendant to pay a restitution fine, the court said: "Court orders a $21 for—or theft account." This statement is obscure, but the minute order reflects that the court ordered defendant to "[p]ay a Crime Prevention fine, pursuant to PC1202.5 for each conviction, which includes penalty assessments in the amount of $41." The problem is that such fee was not authorized. Section 1202.5, subdivision (a) states: "In any case in which a defendant is convicted of any of the offenses enumerated in Section 211, 215, 459, 470, 484, 487, subdivision (a) of Section 487a, or Section 488, or 594, the court shall order the defendant to pay a fine of ten dollars ($10) in addition to any other penalty or fine

4

imposed." Defendant was convicted of identity theft (§ 530.5), which is not one of the offenses listed in section 1202.5. Assuming the court was ordering defendant pay the fine under section 1202.5, it misspoke. Thus, with regard to case No. FMB1400627, the reference in the minute order to the $41 crime prevention fee under section 1202.5 should be stricken.

DISPOSITION

The trial court is directed to strike the $41 crime prevention fee pursuant to section 1202.5, subdivision (a), in case No. FMB1400627. The trial court is further directed to prepare a minute order reflecting the striking of the fee and to forward a certified copy of the amended order to the San Bernardino County Jail/Prison and San Bernardino County Central Collections. In all other respects, the judgment is affirmed.

NOT TO BE PUBLISHED IN OFFICIAL REPORTS

HOLLENHORST
Acting P. J.

We concur:

McKINSTER
J.

KING
J.